UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
                                                        :
GARY D. ZEIGLER,                        :        CASE NO. 5:04-CV-2417
                                                        :
            Plaintiff,                          :
                                                        :
vs.                                                  :        OPINION AND MEMORANDUM
                                                        :        [Resolving Doc. Nos. 4, 5, 11]
DANIEL BEERS, et al.,                 :
                                                        :
            Defendants.                      :
                                                        :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Pending before the Court are two motions to remand from the State of Ohio and the Barberton Rescue Mission, Inc. ("Mission"). [Doc Nos. 4, 5]. The United States opposed the motions to remand. [Doc. No. 7]. The Mission filed a motion for stay until determination of the issue of remand. [Doc. 11].

For the following reasons, the Court **GRANTS** the motions to remand and remands this case to the Court of Common Pleas, Stark County, Ohio. The Court accordingly **DISMISSES** the Mission's motion to stay as moot.

I. BACKGROUND

On September 24, 2003, Gary Zeigler, as the Treasurer of Stark County, filed this case in the Court of Common Pleas, Stark County, Ohio. Case No. 2003-CV-3118. Plaintiff filed the complaint in a foreclosure action seeking taxes accrued on the property located at 5539 Erie Avenue NW, Canal Fulton, Ohio 444614. The complaint named Daniel Beers and Theodora Beers ("the Beers")as

Case No. 5:04-CV-2417
Gwin, J.

defendants, who were the owners of the property. Aside from the Beers, Plaintiff Ziegler named ten other defendants who may claim to have a lien upon the premises, including the Mission and the United States.

Plaintiff Ziegler alleges that Stark County's lien on the property for real estate taxes is primary to the interests of other lien holders. On September 30, 2003, Plaintiff Ziegler served the United States by certified mail.

On November 7, 2003, the United States appeared in the action, and it filed an answer in the Court of Common Pleas, Stark County. In its answer, the United States admitted that it had an interest in the property. The United States objected to the release of any lien held by the United States, and the United States reserved its right to redeem pursuant to 28 U.S.C. § 2410(c). Notably, at no time did the United States assert the defense of insufficiency of service of process as required pursuant to Ohio Rule of Civil Procedure 12(b)(5).

On November 11, 2003, the Mission filed its answer and cross-claim. The Mission claimed that it had a mortgage of $150,000 on the property. The Mission requested that the mortgage be declared the first and best lien.

On November 19, 2003, the United States filed an answer to the Mission's cross-claim. Again, the United States did not raise the defense of insufficiency of service of process. Instead, the United States raised a defense regarding 28 U.S.C. § 2410(c), arguing that the Mission failed to satisfy the statutory pleading requirements regarding liens held by the United States.

On January 5, 2004, the Court granted Plaintiff Ziegler's motion for summary judgment, finding that the Stark County's liens had priority over the liens or interests of the other Defendants.

Case No. 5:04-CV-2417
Gwin, J.

On February 3, 2004, the Mission filed a motion for leave to amend its cross-claim. The Mission stated that "[p]laintiff and the Mission each seek foreclosure potentially adverse to the United States Government's interest relating to the subject real property. There can be no disagreement that the United States Government has appeared, answered, and admitted that it has an interest in the property in the nature of tax liens."

On February 17, 2004, the Mission filed an amended cross-claim, which included a description of the four liens that the United States held as required by 28 U.S.C. § 2410(c).

On February 23, 2004, the state court entered a judgment decree. In its findings, the state court stated: "The court finds that it has jurisdiction over the persons and subject matter of this action. The court further finds that all parties in interest have been duly served with summons according to law and are properly before this court." The judgment entry bears the signature of Assistant United States Attorney Steven Paffilas.

Subsequently, the underlying property at issue was sold at Sheriff's sale, and the proceeds paid the court costs, sheriff fees, and the Stark County Treasurer lien.

On November 4, 2004, the state court ordered the parties to brief the priority of the liens. The trial court indicated that it would then determine the priority of liens for the remaining proceeds from the judicial sale.

On November 22, 2004, the United States filed a motion for supplemental judgment entry and amended order of distribution. The United States also responded to the Mission's summary judgment motion. The State of Ohio responded to the Mission's summary judgment motion and briefed the issue of

-3-

Case No. 5:04-CV-2417
Gwin, J.

priority.

In their briefs, the United States and State of Ohio each conceded that the Mission was next in priority after the Stark County Treasurer. However, the United States and the State of Ohio disagreed about which lien had the next resulting priority.

The United States asserted that the Beers owed $1,307,303.63 for unpaid income taxes. The United States argued that, per the preliminary judicial report, the United States' liens should have priority, after the liens of the Stark County Treasurer and the Mission.

In contrast, the State of Ohio argued that its lien has priority over those of the United States. The State of Ohio contended that it and the Mission won a jury verdict in an action against the Beers in 2000 in the Court of Common Pleas, Summit County, for breach of various fiduciary obligations. The State of Ohio asserts that its constructive trust covers the assets that the Beers usurped, including the land at issue in this action. Contrary to the United States' assertions, the State of Ohio argues that its liens had priority over the liens listed in the preliminary judicial report, including the liens of the United States, because they relate to personal obligations of the Beers. The State of Ohio contends that the Beers cannot use the land held in trust to satisfy their personal debts.

On December 6, 2004, the United States requested an extension of time to respond to the briefs from the Mission and State of Ohio on the issue of establishing priority of the remaining liens.

Two days later, on December 8, 2004, rather than briefing the issue of the priority of its respective interests, the United States filed its notice of removal. [Doc. No. 1]. The United States requests this Court to determine the order of priority of the liens of the United States, the Mission, and the State of Ohio, even

-4-

Case No. 5:04-CV-2417
Gwin, J.

though the United States conceded in state court that the Mission's lien had priority after the Stark County treasurer's lien.

On January 7, 2005, the Ohio Attorney General and the Mission each filed a motion to remand the case to the Court of Common Pleas, Stark County. [Doc. No. 4]. On January 19, 2005, the United States filed its opposition to the two motions to remand. [Doc. No. 7]. On February 24, 2005, the Mission filed a motion to stay. [Doc. No. 11].

## II. LEGAL STANDARD

The party seeking to remove a case to federal court bears the burden of demonstrating the right to removal. *Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989). "It is well-settled that the removal statutes are to be construed restrictively and any doubts as to removability are resolved in favor of remanding the case to state court." *Groesbeck Invs., Inc. v. Smith*, 224 F. Supp. 2d 1144, 1148 (E.D. Mich. 2002) (remanding as an untimely the United States' notice of removal). "All doubts as to the propriety of removal are resolved in favor of remand." *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). The statutes conferring removal jurisdiction are construed strictly because "removal jurisdiction encroaches on state jurisdiction, and the interests of comity and federalism require that federal jurisdiction be exercised only when it is clearly established." *Holston v. Carolina Freight Carriers Corp.*, No. 90-1358, 1991 U.S. App. LEXIS 14129, at *7-8 (6th Cir. June 26, 1991) (unpublished opinion).

## III. DISCUSSION

In their motions to remand, the Ohio Attorney General and the Mission argue that the case should

Case No. 5:04-CV-2417
Gwin, J.

be remanded because the notice of removal is untimely pursuant to 28 U.S.C. § 1446(b).

In contrast, the United States argues that its notice of removal is proper. The United States contends that it has an unconditional right to remove foreclosure actions to federal court. Furthermore, the United States asserts that the notice of removal is timely because Plaintiff Ziegler improperly served the United States, even though the United States filed its removal notice more than twelve months after appearing in state court.

*A. Thirty-Day Removal Period*

The United States argues that it has an unconditional right to remove their foreclosure action pursuant to 28 U.S.C. § 1444. While the United States may remove a foreclosure action to federal court, the United States must comply with the removal procedures in 28 U.S.C. § 1446(b). *See, e.g., Mortgage Elec. Registration Sys. v. Rothman*, No. 04 C 5340, 2005 U.S. Dist. LEXIS 12270, at ** 14-15 (N.D. Ill. Feb. 28, 2005); *Groesbeck Invs., Inc.*, 224 F. Supp. 2d at 1148; *Fred Berglund & Sons, Inc. v. CDI & Assoc., Inc.*, No. 91 C 928, 1991 U.S. Dist. LEXIS 6186, at ** 5-6 (N.D. Ill. May 6, 1991); *Emporium Trust Co. v. Dolaway*, 205 F. Supp. 280, 281-82 (M.D. Penn. 1961). The removal procedures apply to this case, including the rules governing timeliness.

A defendant must file a notice of removal within thirty days after the defendant receives an initial pleading "through service or otherwise." 28 U.S.C. § 1446(b). To trigger the thirty-day removal period, either service of process or waiver thereof is required. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350-51 (1999). "A defendant's failure to comply with the thirty-day limitation set forth in Section 1446(b) is an absolute bar to removal regardless of whether the removal would have been

Case No. 5:04-CV-2417
Gwin, J.

proper if timely." *Groesbeck Invs., Inc.,* 224 F. Supp. 2d at 1148. The right of removal "'is given only to a defendant who promptly avails himself of the right at the time of appearance, by declining to plead and filing his petition for removal.'" *J.L. McGuire & Assocs. v. Innovative Ceramics, Inc.*, 63 F. Supp. 2d 841, 843 (N.D. Ohio 1999) (quoting *West v. Aurora City*, 73 U.S. 139, 142 (1867)).

*B. Service by Certified Mail*

Given that the thirty-day removal period applies to this case, the United States asserts that the removal period has not begun because service was improper. Under this theory, the United States contends that its notice of removal was timely, even though the United States failed to raise the affirmative defense of insufficiency of service of process and actively litigated in the state court action for more than twelve months. However, this argument is not persuasive.

The parties agree that service was ineffective. To effect service upon the United States in a foreclosure action, a plaintiff must serve the United States Attorney in person and the Attorney General by certified mail. 28 U.S.C. § 2410(b); *Scottsdale Ins. Co. v. English Furniture Indus., Inc.*, No. IP 97-1380-C-T/G, 1997 U.S. Dist. LEXIS 23082, at *9-10 (S.D. Ind. Oct. 17, 1997).

Plaintiff Ziegler did not follow the service requirements of 28 U.S.C. § 2410(b). The United States could have challenged such service for insufficiency of service of process, but it did not raise the affirmative defense in its responsive pleading, or in any of its subsequent proceedings. In waiving its defense, the United States submitted to personal jurisdiction of the state court.

*C. Waiver*

Because the United States waived the defense of insufficiency of service of process, the Court

Case No. 5:04-CV-2417
Gwin, J.

holds that the United States notice of removal was untimely. The Court agrees with the Mission and the State of Ohio that remand is proper in this case.

In Ohio, a defendant waives the defense of insufficiency of service of process is waived, unless the defendant raises it in a responsive pleading or motion. Ohio Civ. R. 12(H)(1). When a defendant has not been properly served, a court may obtain jurisdiction over the defendant by "the voluntary appearance and submission of the defendant or his legal representative, or by certain acts of the defendant or his legal representative which constitutes an involuntary submission to the jurisdiction of the court," which "may more accurately be referred to as a waiver of certain affirmative defenses." *Maryhew v. Yova*, 11 Ohio St. 3d 154, 156, 464 N.E.2d 538 (Ohio 1984). Indeed, "[p]articipating in the litigation prior to asserting defense does constitute a waiver of the defense." *Holloway v. Gen. Hydraulic & Mach., Inc.*, 2003 Ohio 3965 (Ohio Ct. App. 2003); *see also Kvinta v. Kvinta*, 2003 Ohio 2884 (Ohio Ct. App. 2003) (holding that filing three written motions without filing a separate Rule 12(b) motion to dismiss for insufficient service waived the jurisdictional defense, and the defendant voluntarily submitted to the court's jurisdiction); *Joseph v. Lastoria*, No. CA88-05-040, 1988 Ohio App. LEXIS 4323, at **3-5 (Ohio Ct. App. Oct. 31, 1988) (finding "clear intent to appear and defend on the merits, thereby waiving his right to complain of insufficient service of process" because the defendant served a request for production of documents one day before filing a responsive pleading, which asserted the defense of improper service).

In this case, the United States waived the affirmative defense of insufficiency of service of process in state court by failing to raise it in a responsive pleading or motion.[1] In so doing, the United States

---

[1] The outcome is the same under the Federal Rules of Civil Procedure. In failing to raise the defense of
(continued...)

-8-

Case No. 5:04-CV-2417
Gwin, J.

displayed clear intent to appear and defend on the merits, which submitted it to the jurisdiction of the state court. The United States raised other defenses in its filings, but the United States did not raise its defense of insufficiency of service of process. Even after the state court found that the all of the parties were properly served, the United States did not object.[2] In waiving the defense of insufficiency of service of process in state court, the United States cannot now raise defective service to excuse its untimely notice of removal.

The United States has the right to remove a foreclosure action to federal court, but the statute does not require the United States to do so, nor does it confer exclusive jurisdiction to federal courts over this type of claim against the United States. *See* 28 U.S.C. § 2410; 28 U.S.C. § 1444. Rather, jurisdiction over foreclosure actions is concurrent among state and federal courts. Thus, the United States has the discretion to determine the cases in which it litigates in state court versus the cases that it removes the action to federal court.

In addition to waiving the defense of insufficiency of service of process, the United States actively litigated the merits of its priority claim in state court for more than twelve months, seeking a determination that its liens had priority over those of the State of Ohio. This action was immediately removable because

---

[1]/(...continued)
insufficiency of service of process, the United States waived its complaint regarding defective service. Fed. R. Civ. P. 12 (h)(1); *see, e.g., INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 403 (6th Cir. 1987) ("The motion to dismiss for insufficiency of service of process had clearly been waived and was expressly prohibited as untimely."), *cert. denied*, 484 U.S. 927 (1987); *see also Mattingly v. United States*, 939 F.2d 816, 817 (9th Cir. 1991) (holding that the Federal Rules of Civil Procedure apply to the United States as a litigant).

[2]/ The state court entered a judgment degree on February 23, 2004, which stated: "The court finds that it has jurisdiction over the persons and subject matter of this action. The court further finds that all parties in interest have been duly served with summons according to law and are properly before this court." The judgment entry bears the signature of Assistant United States Attorney Steven Paffilas.

-9-

Case No. 5:04-CV-2417
Gwin, J.

it is a foreclosure action brought against the United States. *See* 28 U.S.C. § 1444. Rather than remove the case to federal court, the United States availed itself of the state forum by actively participating in the Stark County action, including filing a motion for supplemental judgment entry and amended order of distribution.

Such active participation, for more than one year, after waiving defective service, unquestionably constitutes waiver of defective service and acquiescence to state court jurisdiction under Ohio law. *See Joseph v. Lastoria*, No. CA88-05-040, 1988 Ohio App. LEXIS 4323, **3-5 (Ohio Ct. App. Oct. 31, 1988); *Fred Berglund & Sons, Inc. v. CDI & Assoc., Inc.*, No. 91 C 928, 1991 U.S. Dist. LEXIS 6186, at **9-11 (N.D. Ill. May 6, 1991) (remanding the United States' notice of removal because the notice of removal was untimely and the United States actively participated in the state action). After it was apparent that this case was removable, the United States' actions manifest its intent to have the case adjudicated in state court and abandon its right to a federal forum. The United States' actions were entirely inconsistent with the right to remove.

Moreover, this case is distinguishable from *Keybank Nat'l Ass'n v. Norton*, No. 03-CV-2010 (N.D. Ohio Oct. 31, 2003), where this Court denied a motion to remand in a foreclosure case. In this case, unlike *Norton*, the United States waived its defense of insufficiency of service of process in state court and subsequently litigated the merits of its priority claims for more than one year.

Finally, removal of this case could suggest the appearance of forum shopping -- namely, that a party who is dissatisfied with a determination of the state court could try federal court instead. *See Fred Berglund & Sons, Inc. v. CDI & Assocs., Inc.*, No. 91 C 928, 1991 U.S. Dist. LEXIS 6186, at ** 10-

Case No. 5:04-CV-2417
Gwin, J.

11 (N.D. Ill. May 6, 1991). In this case, the state court granted summary judgment on behalf of Plaintiff Ziegler and found that Stark County Treasurer's interest had priority. Because the United States and the State of Ohio agreed that the Mission had priority after the Stark County Treasurer, the sole remaining issue was whether the United States or the State of Ohio had priority after the Mission. Here, the state court indicated that it would determine the priority of the liens upon receiving briefs from the parties on the issue of priority. Instead of submitting its brief per the state court's request, the United States filed its notice of removal. The Court does not know whether the United States, in removing this case, believed that its interests would be better received in federal court. Having waived any defense of insufficiency of process and to avoid the appearance of forum shopping after seeking a merits determination from the state court, remand is appropriate.

## IV. CONCLUSION

The State of Ohio and the Mission's Motions for Remand are **GRANTED** and this case is remanded to the Court of Common Pleas, Stark County, Ohio for all further proceedings. Accordingly, the Mission's Motion to Stay is **DISMISSED** as moot.

IT IS SO ORDERED.

Dated: August 22, 2005              s/ *James S. Gwin*
                                    JAMES S. GWIN
                                    UNITED STATES DISTRICT JUDGE